Milton NEAL, Plaintiff–Appellant,

v.

ELI LILLY & COMPANY, Defendant–Appellee.

No. 09–4441–cv.

United States Court of Appeals, Second Circuit.

Oct. 4, 2010.

Lowell W. Finson, Phillips & Associates, Phoenix, AZ, for Plaintiff–Appellant.

Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, on the brief), Pepper Hamilton LLP, Philadelphia, PA, for Defendant–Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES, CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Milton Neal appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Neal, who suffers from chronic paranoid schizophrenia, was prescribed Zyprexa consistently between 2003 and 2006. In December 2005, Neal was diagnosed with Type II diabetes and diabetic ketoacidosis. Neal asserts that Zyprexa caused his diabetes and that he would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Redd v. Wright*, 597 F.3d 532, 535–36 (2d Cir.2010).

In order to establish a claim based on a manufacturer's failure to warn under California law,[1] Neal must demonstrate that, among other things, the "inadequacy of [Eli Lilly's] warnings was the proximate cause of his injury." *Plummer v. Lederle Labs., Div. of Am. Cyanamid Co.*, 819 F.2d 349, 358 (2d Cir.1987) (applying California state law); *see also Carlin v. Superior Court of Sutter Cty.*, 13 Cal.4th 1104, 56 Cal.Rptr.2d 162, 920 P.2d 1347, 1353–54 (1996). Moreover, California law recognizes the "learned intermediary" exception in failure-to-warn cases: "if adequate warning of potential dangers of a drug has

---

1. It is undisputed that California's substantive law and statute of limitations rules govern this action, which was filed in and which arises from events occurring in California and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir.1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

been given to doctors, there is no duty by the drug manufacturer to insure that the warning reaches the doctor's patient for whom the drug is prescribed." *Carlin*, 56 Cal.Rptr.2d 162, 920 P.2d at 1354. As a result, summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate that the prescribing physician "would have acted differently had ... an adequate warning" been provided. *Motus v. Pfizer, Inc.*, 196 F.Supp.2d 984, 999 (C.D.Cal.2001).

After *de novo* review, we hold, for substantially the reasons stated in the well-reasoned opinion of the District Court, *In re: Zyprexa Prods. Liab. Litig.*, Nos. 04–MD–1596, 06–CV–2782, 2009 WL 1852001, at *14 (E.D.N.Y. June 22, 2009), that "there is no evidence that any of [Neal's] treating psychiatrists would have altered their decision to prescribe Zyprexa to [him] had a different warning been provided by [Eli] Lilly." Neal has therefore failed to establish that Eli Lilly's allegedly inadequate warnings regarding the potential risks associated with Zyprexa were the proximate cause of his diabetic condition.

### *CONCLUSION*

We have considered each of Neal's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.